UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN CARLOS MANZANO AND NELSY MANZANO, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. H-09-3807 |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY AND WINSTON MATHIS, | § § § § § | |
| Defendants. | § § | |

## MEMEMORANDUM AND ORDER

Pending before the Court is the Motion for Remand of Plaintiffs Juan Carlos Manzano and Nelsy Manzano ("Plaintiffs") (Doc. No. 6). For the reasons stated below, the Court is of the opinion that this Motion should be denied.

**I.   BACKGROUND**

   **A.   Factual Background**

This case arises out of an insurance claim made by Plaintiffs for damage to their residence in Harris County, Texas (the "Property"). Plaintiffs made a claim on their Texas Homeowner's Insurance Policy (the "Policy"), issued by Defendant Nationwide Property and Casualty Insurance Company ("Nationwide"). Nationwide assigned Winston Mathis ("Mathis") to adjust Plaintiffs' claim. Plaintiffs have alleged that Nationwide and Mathis delayed full payment of their claim, even though the Policy provides coverage for the damages sustained to the Property, and failed to properly settle the claim. This case was originally brought in 164th Judicial District of Harris County,

1

Texas. It was timely removed to this Court by Nationwide on November 23, 2009. Mathis had not yet been served at the time of removal, and did not join in the removal. Plaintiffs now seek to remand.

### B. Legal Background

The remand statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). The court must strictly construe the removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002). Thus, in order to defeat Plaintiff's Motion for Remand, Nationwide must show that this case was properly removed to this Court under 28 U.S.C. § 1441(a), or, in other words, that both Defendants were properly sued and are completely diverse under 28 U.S.C. § 1332(a)(2).

## II. COMPLETE DIVERSITY

### A. Legal Standard

Plaintiffs are citizens of Texas. (Pls. Org'l Pet., Doc. No. 1-4, ¶ 2.) Defendant Nationwide is an insurance company incorporated under the laws of Ohio, with its principal place of business in Columbus, Ohio. (Notice of Removal, Doc. No. 1, ¶ 8.)

Nationwide, therefore, is plainly diverse from Plaintiffs. Thus, it appears that the only issue in dispute is whether Mathis is completely diverse from Plaintiffs such that removal of this action was proper under 28 U.S.C. § 1332(a)(2).[1] Plaintiffs assert that "Defendant Mathis was properly joined in this lawsuit, and because he is domiciled in Texas, the Court lacks subject matter jurisdiction." (Pls. Mot., Doc. No. 6, at 2.) Defendants, on the other hand, argue that Mathis was a citizen of Florida when the alleged damage to the Property occurred and when this suit was filed, and that he was a citizen of New York at the time of removal to this Court. (Def. Resp., Doc. No. 7, ¶ 8.)

To be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state. *Coury v. Prot*, 85 F.3d 244, 250-51 (5th Cir. 1996). For adults, domicile is established by physical presence in a place in connection with a state of mind concerning one's intent to remain there. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (U.S. 1989) (citing *Texas v. Florida,* 306 U.S. 398, 424 (1939)); *Coury*, 85 F.3d 244 at 250. There is no durational residency requirement in the establishment of domicile; once presence in the state and intent to remain are met, domicile is established. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). In determining a litigant's domicile, the court must address "a variety of factors," such as the place where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home. *Coury*,

---

[1] Plaintiffs devote much of their Motion to arguing that Mathis was not improperly sued to defeat diversity jurisdiction. However, in its Response, it does not appear that Nationwide disputes that Mathis was properly sued, but rather asserts only that he is not a citizen of Texas and is therefore completely diverse from Plaintiffs for purposes of jurisdiction. The Court will therefore not address the improper joinder issue, but will instead examine this case on the basis of whether Mathis is diverse from Plaintiffs.

85 F.3d at 251. In establishing domicile, a Court may consider a party's statement of intent, however this evidence is given little weight if contradicted by objective facts in the record. *Preston v. Tenet Healthsystem Memorial Medical Center, Inc*., 485 F.3d 804, 816 (5th Cir. 2007); *Acridge*, 334 F.3d at 448.

### B.     Analysis

Here, Nationwide attaches an affidavit of Winston Mathis to its Response which states that, at the time of Hurricane Ike, he was a resident of Florida, and that while he worked temporarily in Texas after the hurricane, he had every intention of returning to Florida. (Winston Mathis Aff., Def. Resp. Ex. 1, Doc. No. 7-1, ¶ 4.) The affidavit states that Mathis possessed a Florida driver's license, voted, paid taxes, and maintained a home in Florida. (*Id.*) The affidavit also states that, since November 15, 2009, Mathis has been a resident and citizen of New York, that he pays taxes there, and that he intends to remain there. (*Id*. ¶ 5.) Thus, according to Mathis, at the time this suit was filed, he was a citizen of Florida, and at the time it was removed he was a citizen of New York.

The only evidence offered by Plaintiffs to support their contention that Mathis is a citizen of Texas is a printout from the Texas Department of Insurance website that lists a "Winston Leonard Mathis" among its agents, and indicates that this person is somehow associated with Corsicana, Texas. (Pls. Mot. Ex. 1, Doc. No. 6-1.) This evidence, standing alone, however, neither suggests that Mathis was a domiciliary of Texas nor refutes his sworn statement that he worked only temporarily in Texas, but was a domiciliary of another state. Accordingly, the Court adopts Mathis's statement and finds that he was a citizen of Florida when this suit was filed, and that he was a citizen of New York when this action was removed by Nationwide. As such, both Nationwide and

Mathis are diverse from Plaintiffs, and this Court's jurisdiction is proper under 28 U.S.C. § 1332(a)(2).

## IV.   CONCLUSION

For the reasons set forth above, this Court finds that its jurisdiction over this case is proper. Plaintiffs' Motion for Remand (Doc. No. 6) is hereby **DENIED.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 26th day of March, 2010.

_/s/ Keith P. Ellison_

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE